Case 5:18-cv-05124-ELW   Document 1   Filed 06/28/18   Page 1 of 7 PageID #: 1

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 28 2018

DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

JERRY COOK,
On behalf of himself and
All others similarly situated                                    PLAINTIFFS

v.                          NO. 18-5124

GEORGE'S, INC.,
And GLEN BALCH                                                    DEFENDANTS

## CLASS ACTION COMPLAINT

COMES NOW Jerry Cook, Plaintiff, by and through counsel, Sutter & Gillham, P.L.L.C, and for this Complaint states:

### Parties

1. Plaintiff was at all times relevant a resident of Arkansas who brings this Class Action on behalf of himself and all others similarly situated.

2. Defendant Georges, Inc. sells chicken and is a for-profit, corporation, doing business with the federal government in an industry substantially impacting interstate commerce, and employing more than 500 people in the state of Arkansas during more than twenty weeks of the year and subject to OFFCP regulations. Defendant Glen Balch was Plaintiff's immediate supervisor and is sued only for retaliation under the AMWA and the ACRA. Defendants were all employed in, or were residents of Washington, County, Arkansas. The events leading to this lawsuit took place in Washington County, Arkansas. Venue is proper under 28 USC 1391(b), and this Court has federal question subject-matter jurisdiction under 28 USC 1331, as well as supplemental jurisdiction under 28 USC 1367.

3. This is an action for violation of the Arkansas Civil Rights Act and the Americans with Disabilities Act of 1990 in the form of disability discrimination, and retaliation, brought in an amount exceeding that required for diversity jurisdiction.


4. Thus, this Court has personal and subject matter jurisdiction over these issues, and venue is proper. Plaintiff timely filed a charge of discrimination with the EEOC. He now files this action within 90 days of receiving her right to sue letter.

## General Allegations of Fact

5. Plaintiff Jerry Cook is a male, who has a mental impairment that substantially impairs his ability to think, communicate, concentrate, work, and interact with others, as well as physical impairment that substantially impairs his ability to lift. Plaintiff also has a record of impairment. Plaintiff and the Class able to do his job with reasonable accommodations.

6. Defendant George's operates in the poultry industry and employs more than 300 people in the State of Arkansas.

7. During the course of doing her job, Defendant's HR Manager Mandy James discovered a number of problematic issues, including a massive, systemic violations of the ADA, that also violated a settlement agreement she was told they had reached with the EEOC. Defendants made pre-offer inquiries about whether or not applicants would need reasonable accommodations to do the job. Defendants implemented code 333, which denoted that applicants had a medical problem which precluded any consideration whatsoever. Since this was a blanket exclusion under the ADA, Plaintiff attempted to correct that problem and was told that it was not a problem and was forbidden from taking further action, though this was the exact sort of thing she had been hired to fix.

8. The first day the George's Employment Center opened, Jerry Cook had the code "333" in his record in Lawson, the applicant database used by George's.

9. Heather Teague, HR Specialist, asked one of the Orientation Trainers what it meant, as they had worked at the plant, and they told her it meant the person had a medical condition and were not eligible for rehire.

10. Mrs. Teague told Ms. James this information and Ms. James could not believe that and requested she call both local production facilities and ask them what it meant. Ms. James received the same answer.

11. Ms. James told Heather that Glen had to be informed so Defendant could stop that practice immediately and for her to call him and let him know what she found and ask for steps forward.

12. Glen admitted to knowing what the code meant and did not see any issue with it.

13. Ms. James created a document around 35-40 pages in length that contained all of the ADA, HIPPA, Code 333 examples, conflicting documentation, etc. and sent it to Glen Balch, the HR Managers at both plants, Gus Plumb and Brian Stevens, Wayne Bullington- Director of IT, Ms. James' staff, Heather Teague and Jessica Velez.

14. Ms. James had a conference call with Glen Balch, Gus Plumb, and Brian Stevens mid-October 2015 to discuss the document and issues brought fourth. Afterwards, Glen Balch went to the office of Ms. James and was extremely upset with Ms. James over the difficulties the issues she was bringing up were causing.

15. Ms. James proposal to fix all the issues was to give Cook and the Class a "clean slate" and ignore all past work history, do not look at past application or hire notes, start fresh and document correctly and compliantly. Plaintiff made this pitch to Glen Balch and the IT Director.

16. Ms. James stated to Glen Balch, "I don't know why you are mad at me, you act like I just made up all of these laws, I didn't, I just happen to know them, and, I won't violate them." Mr. Balch conceded to allow Ms. James to interview an applicant Jerry Cook with the code 333 but stated Ms. James could not hire Mr. Cook no matter what.

17. Ms. James set up the interview for Mr. Jerry Cook, almost two weeks after his original application (when other applicants were interviewed the day they applied or the next day) but Mr. Cook missed the interview.

18. Mr. Cook came to the Employment Center the following day and asked to reschedule the interview and the Ms. James was instructed to tell him no, even though Defendants let other applicants interview after a no-show to an interview, very often.

19. Defendant therefore intentionally implemented a process that violates the ADA and the ACRA.

## Causes of Action
### Count I – Discrimination

20. Plaintiff and the Class re-allege the foregoing against only Georges, as if fully set out herein.

21. This is a Class action for a violation of Plaintiff's rights under Section 107 of the ACRA and the ADA.

22. Defendants had a duty to ensure that Plaintiff and the Class received appropriate consideration of their applications in accordance with the ADA. But they failed.

23. Defendants enacted a policy of refusing to consider applicants coded as 333 because of their actual disability, perceived disability or record of impairment in accordance with the ADA and its hiring provisions regarding the use of medical information and the duty to consider each application on its own individual merits.

24. As a result of this illegal policy, Plaintiff and the Class have been denied their right to a be free from disability discrimination.

25. The class consists of all persons, who within the six months prior to the filing of Mr. Cook's EEOC charge to present have been coded as 333 or subjected to illegal consideration of their applications as herein alleged, through the present day. The exact number of the class is unknown, but it is believed to exceed 100 (one hundred).

26. Plaintiff's claims are typical of the class and there are common issues of fact.

27. These issues include, but are not limited to, whether Defendants complied with the ADA and its restrictions on the use of medical information, as well as its implementation of a blanket exclusion policy.

28. A class action is a superior means of adjudicating this controversy. Indeed, common issues of fact and questions of law predominate over individual issues.

29. Plaintiff and his counsel are competent to represent the class. He seeks certification under Rule 23 (b)(1), (b)(2), and (b)(3).

30. As direct result of the failure to provide Plaintiff and the Class with an appropriate consideration of their applications, Plaintiff and the Class has suffered severe mental and emotional distress, lost wages and incurred other damages in an amount to be proven at trial.

31. Defendant Georges has discriminated against Plaintiff, and the Class, on the basis of their actual disability, perceived disability or record of impairment and has failed to accommodate Plaintiff and the Class' disability by failing to engage in a good faith interactive process designed to achieve an accommodation and implementing a blanket exclusion.

32. Defendant inappropriately used medical information pre-offer to deny the Plaintiff and the Class a job in violation of the ADA and OFFCP regulations.

33. Indeed. Defendant Georges' actions have been willful, wanton, and intentional, meriting punitive damages.

34. As a direct and proximate cause of Defendant Georges' acts or omissions as alleged herein, Plaintiff and the Class has lost wages and earnings, lost fringe benefits, lost earning capacity, mental, emotional, and physical suffering, and has incurred expenses which would not otherwise have been incurred, and incurred other such special damages in an amount to be proven at trial.

## Count II – Retaliation

35. Plaintiff re-alleges the foregoing against all Defendants as if fully set out herein.

36. This is an action for a violation of Plaintiff and the Class' civil rights pursuant to The Arkansas Civil Rights Act of 1993 and the ADA.

37. The disclosure of medical information is a protected activity.

38. All Defendants have retaliated against Plaintiff for opposing discriminatory activities and engaging in a protected activity in violation of Section 108 of the ACRA by

38. refusing to hire him and the class because they disclosed medical information.

39. Defendants' actions have been reckless, knowing, intentional, willful, and malicious, and are so egregious so as to warrant the imposition of punitive damages.

40. Indeed all Defendants actions have been willful, wanton, and intentional, meriting punitive damages.

41. As a direct and proximate cause of all Defendants acts or omissions as alleged herein, Plaintiff has lost wages and earnings, lost fringe benefits, lost earning capacity, lost her wages, has endured damage to her reputation, mental, emotional, and physical suffering, and has incurred expenses which would not otherwise have been incurred, and incurred other such special or liquidated damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff on behalf of himself and all others similarly situated, prays for the following relief: for an Order certifying the Class, compensatory damages for mental, emotional, and physical suffering, damage to her reputation, embarrassment and humiliation, lost wages past and future, lost earnings past and future, loss of earning capacity, back pay, front pay and/or reinstatement, all in an amount exceeding $75,000, and only limited by what a jury determines to be a fair and appropriate amount to make her whole, a monitor to be appointed to determine ADA compliance, a requirement that all complaints of discrimination or retaliation be kept for seven years, posting of any verdict and other relief obtained along with

this lawsuit on boards at her worksite, training for managers, for punitive damages, liquidated damages, other injunctive relief, reasonable fees and costs, and a trial by jury.

                                  Respectfully submitted,

                                  SUTTER & GILLHAM, P.L.L.C.
                                Attorneys at Law
                                P.O. Box 2012
                                Benton, AR 72018
                                501-315-1910 Office
                                501-315-1916 Facsimile
                                Attorney for the Plaintiff

By:   */s/ Luther Oneal Sutter*
       Luther Oneal Sutter, ARBN 95031
       luthersutter.law@gmail.com