IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERRY COOK, on behalf of himself
and all others similarly situated                                    PLAINTIFF

V.                          CASE NO. 5:18-CV-5124

GEORGE'S, INC.                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are a Motion to Dismiss (Doc. 9) and Brief in Support (Doc. 10) filed by Defendant George's, Inc. ("George's"), Plaintiff Jerry Cook's Response in Opposition (Doc. 19) and Brief in Support (Doc. 20), and George's Reply (Doc. 25); and Cook's First Motion for Leave to Amend Complaint (Doc. 27) and George's Response in Opposition (Doc. 29). For the reasons explained herein, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion for Leave to Amend is **DENIED**.

### I. BACKGROUND

The original Complaint (Doc. 1) was filed in this Court on June 28, 2018. It alleges that Cook and members of a putative class were discriminated against by George's due to a disability or perceived disability. In the Complaint, Cook maintains that he "has a mental impairment that substantially impairs his ability to think, communicate, concentrate, work, and interact with others, as well as a physical impairment that substantially impairs his ability to lift." *Id.* at 2. He contends he applied for a job with George's, but he fails to disclose in the Complaint either the name of the job he applied for or the nature of the duties associated with the job. He focuses instead on his allegation that on "[t]he first day the George's Employment Center opened," someone at George's had already placed the code "333" next to Cook's name in the company's applicant

database. George's supposedly placed the "333" code next to an applicant's name when it was determined that the applicant had a "medical problem which precluded any consideration whatsoever." *Id.*

Cook admits he was offered an interview "almost two weeks after his original application [was submitted] . . . ." *Id.* at 3. He also admits that he "missed the interview." *Id.* He claims he traveled to George's Employment Center the day after he missed the interview and asked to reschedule it, but his request was denied—even though George's supposedly "let other applicants interview after a no-show interview, very often." *Id.* at 4.

In the Complaint, Cook asserts a cause of action for illegal discrimination under the Americans with Disabilities Act ("ADA") and the Arkansas Civil Rights Act ("ACRA"), as well as a cause of action for retaliation under both the ADA and ACRA. The retaliation claim merely states that George's "retaliated against Plaintiff for opposing discriminatory activities and engaging in a protected activity," *id.* at 6, but fails to disclose any facts that would explain: (1) how Cook "oppos[ed] discriminatory activities" prior to or during the job application process, or (2) what sort of protected activities Cook engaged in that allegedly provoked George's to retaliate against him.

On August 15, 2018, George's moved to dismiss the Complaint, arguing that Cook failed to allege facts to support that he is disabled under the ADA and ACRA, that there is a link between his alleged disability and the adverse employment action he suffered, or that he engaged in statutorily protected conduct that would form the basis for a claim of retaliation. Cook responded that an ADA-qualifying disability "need not [be] identified by name, its effects need not be identified specifically, the accommodation need not be

identified specifically, and the harassment need not be identified specifically, nor must the facts underlying intent be named specifically." (Doc. 20, p. 5). And as for the retaliation claim, Cook responded:

> On this, Plaintiff had to complete the forms in order to be interviewed. Those forms would have revealed his health issues and need for accommodation because they request that information. If he is not hired because he filled out a form indicating a need for retaliation, that is class retaliation.

*Id.* at 9.[1]

On September 28, 2018, apparently in reaction to George's Motion to Dismiss, Cook filed a Motion for Leave to Amend the Complaint (Doc. 27). The proposed amended complaint (Doc. 27-1) is identical to the original except for the addition of a few new facts and one new legal argument. The new facts appear in paragraph 6 of the proposed amended complaint, in which Cook explains in some detail how he came to suffer the alleged mental and physical disabilities he now claims. The new legal argument appears at the tail end of paragraph 17. He contends that because George's performed an "illegal medical inquiry" in the course of the job application process, Cook will not be required to establish that he has an actual or perceived disability in order to state a valid legal claim for disability discrimination under the ADA. (Doc. 27-1, pp. 4-5). For its part, George's opposes Cook's Motion for Leave to Amend and contends that the proposed amended pleading fails to cure the deficiencies in the original Complaint. Below, the Court will consider, first, the Motion to Dismiss the original Complaint, and second, the Motion for Leave to Amend.

---

[1] The Court is not sure what Cook means here.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

### A. Motion to Dismiss Complaint

To establish a prima facie case for disability discrimination under the ADA and

4

ACRA,[2] a plaintiff must set forth facts to show that he: "(1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of his disability." *E.E.O.C. v. Prod. Fabricators, Inc.*, 763 F.3d 963, 969 (8th Cir. 2014) (quotation omitted). To establish a prima face case of retaliation, a plaintiff must show that "(1) [he] engaged in a statutorily protected activity, (2) the employer took an adverse action against [him, and (3) there was a causal connection between the adverse action and the protected activity." *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013).

Assuming for the sake of argument that Cook has stated enough facts to show he suffers from one or more life-limiting disabilities recognized under the ADA (and ACRA), he has nevertheless failed to state any facts that could plausibly link his failure to secure employment with George's to one of these alleged disabilities. The original Complaint clearly states that George's offered him an interview for the job to which he was applying, and he failed to show up for the interview. The Complaint goes on to assert in conclusory fashion that "Defendants let other applicants interview after a no-show to an interview," (Doc. 1, p. 4), but there are no facts in the Complaint that could allow a factfinder to conclude that Cook was denied the job *because of* discriminatory animus. Obviously, failing to attend a job interview is a legitimate, non-discriminatory reason to justify an employer's refusal to extend a job offer. Cook's discrimination claim will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[2] *Duty v. Norton–Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002) ("[W]e analyze a disability claim presented under the ACRA using the same principles employed in analyzing claims under the [ADA].").

5

Cook's retaliation claim is even weaker than his discrimination claim. Nowhere in the Complaint does he explain the statutorily protected activity he was engaged in when George's took adverse action against him. He also fails to establish any causal connection between George's refusal to offer him a job and any alleged protected activity. This claim will also be dismissed pursuant to Rule 12(b)(6).

### B. Motion for Leave to Amend

Cook's proposed amended complaint fails to cure the pleading deficiencies identified above. At most, the amendments merely add factual embellishment to Cook's claim that he qualifies as disabled under the ADA. As previously explained, the Court has assumed for purposes of deciding the Motion to Dismiss that Cook is, in fact, disabled. Leave to amend may be denied due to futility if the proposed amended complaint would not survive a 12(b)(6) motion to dismiss. *See Zutz v. Nelson*, 601 F.3d 842, 852 (8th Cir. 2010). Here, for the reasons set forth above, the Court finds that the proposed amended complaint would not survive Rule 12(b)(6) dismissal. Therefore, it would be futile to allow Cook leave to file the proposed amended complaint.

### V. CONCLUSION

For the reasons explained herein, **IT IS ORDERED** that Defendant George's, Inc.'s Motion to Dismiss (Doc. 9) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff Jerry Cook's First Motion for Leave to Amend Complaint (Doc. 27) is **DENIED** as futile. This case is **CLOSED**.

**IT IS SO ORDERED** on this 22nd day of October, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE